1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

11

DAVID ROBERTS,

No. 2:22-cv-01789-DJC-DMC-P

12

Plaintiff,

13

v.

ORDER

14

DEPARTMENT OF THE TREASURY, et al.,

15
16

Defendants.

17

18      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action

19  seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States

20  Magistrate Judge pursuant to Eastern District of California local rules.

21      On December 22, 2022, the Magistrate Judge filed findings and

22  recommendations herein which were served on the parties and which contained

23  notice that any objections to the findings and recommendations were to be filed

24  within fourteen days.  (ECF No. 14.)  No objections were filed.

25      The Court presumes that any findings of fact are correct.  *See Orand v. United*

26  *States*, 602 F.2d 207, 208 (9th Cir. 1979).  The Magistrate Judge's conclusions of law

27  are reviewed de novo.  *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007)

28

`   ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . .").

The Court has reviewed the file, and generally finds the findings and recommendations to be supported by the record and by the proper analysis. However, the Court believes that Plaintiff may be able to cure the deficiencies in his pleadings if given the opportunity to file an amended complaint.

Should Plaintiff choose to amend his complaint, he must address the issues identified in the Magistrate Judge's findings and recommendations.  (*See* ECF No. 14.)  Specifically, Plaintiff is directed to allege, if he can, (1) a factual basis for his assertion the deductions of child support payments from various stimulus checks were unlawful, and (2) that those deductions violate 42 U.S.C. § 1983, keeping in mind that the elements of a § 1983 claim are: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a "person" (4) acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Once Plaintiff files an amended complaint, the original complaint will be superseded.  By signing the amended complaint, Plaintiff certifies he has made a reasonable inquiry and has evidentiary support for his allegations.  An amended complaint must be complete without reference to any prior pleading.  E.D. Cal. R. 220.

In the amended complaint, Plaintiff must clearly identify each defendant and the action that defendant took that violated Plaintiff's constitutional rights.  If Plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging allegations must be set forth in the amended complaint so that defendants will have fair notice of the claims Plaintiff is presenting.  That said, Plaintiff need not provide every detailed fact in support of his claims.  Rather, Plaintiff's claims should be set forth in short and plain terms.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

`        Further, any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and that Plaintiff is entitled to relief if Plaintiff's allegations are true.  It must contain a request for a particular form of relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving Plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

        Finally, in the amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  However, if Plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed December 22, 2022 (ECF No. 14), are adopted in part;

2. The complaint (ECF No. 1) is dismissed with leave to amend;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed;

4.      The Clerk of the Court is directed to send plaintiff a copy of the

prisoner complaint form used in this district; and

5.      This matter is referred back to the Magistrate Judge for all further

proceedings.

IT IS SO ORDERED.

Dated:   **May 19, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

4