IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBERTS, | No. 2:22-CV-1789-DAD-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DEPARTMENT OF THE TREASURY, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 17.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

Here, as with the original complaint, Plaintiff challenges deductions of child support payments from various government stimulus checks. See ECF No. 1. The Court finds that Plaintiff fails to state a claim upon which relief can be granted because such deductions are permitted by the Offset Program authorized under 45 C.F.R. § 303.72 and the Administrative Offset Program authorized under 31 U.S.C. § 3716. Plaintiff has not alleged a violation of federal law which is actionable under § 1983.

The Court previously outlined the foregoing in prior findings and recommendations that this action be dismissed for failure to state a claim. See ECF No. 14. The District Judge adopted the findings and recommendations but declined to dismiss the action at that time. See ECF No. 16. Rather, the District Judge granted Plaintiff an opportunity to amend. See id. In doing so, the District Judge cautioned Plaintiff that any amended complaint must state "a factual basis for his assertion the deductions of child support payments from various stimulus checks were unlawful." Id. at 2. Plaintiff was also cautioned that his amended complaint must allege facts supporting the elements of a claim under § 1983, which includes a requirement that the defendant be a "person" acting under color of law. Id. In the amended complaint, Plaintiff fails to comply with either directive. Specifically, Plaintiff continues to name as the only defendant the Department of the Treasury, which is not a "person." Further, as with the original complaint, Plaintiff fails to set forth a factual basis to support his contention that the child support deductions were unlawful.

Because it does not appear possible that the deficiencies identified herein can be cured by further amendment, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

///

Based on the foregoing, the undersigned recommends that this action be dismissed with prejudice for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 23, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE